Dear Mr. Viccellio:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 What entity has responsibility for maintaining the warrant files for the city court of Morgan City?
Procedural rules for Louisiana courts are promulgated by the Louisiana Supreme Court. However, in the absence of an express rule by the Supreme Court on a particular issue, each individual court is at liberty to draft their own rules, subject to the supervision of the Supreme Court. This principle is reflected in La. C.Cr.P. art. 18, which states:
 A court may adopt rules for the conduct of criminal proceedings before it, not in conflict with provisions of this Code or of other laws. When a court has more than one judge, its rules shall be adopted or amended by a majority of the judges thereof, sitting en banc.
 The rules shall be entered on the minutes of the court, and a copy shall be furnished to any attorney licensed to practice law in this state.
Further, La. C.Cr.P. art. 17 states that, "A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders . . ." Here, the Supreme Court has no rule governing which entity must maintain the warrant files for each court, thus each court is at liberty to designate who shall be the keeper of its warrant records. Some courts operate by unwritten agreement, but many courts have specifically appointed a custodian of warrant files in their court rules. See for example 19th J.D.C. Criminal Rule 2, 24th J.D.C. Criminal Rule 18, 34th J.D.C. Rule 22, 35th J.D.C. Rule 20.
Often, when an arrest warrant is issued, courts include such issuance as a minute entry. La. R.S. 13:1885(A), which governs city court procedure, states in pertinent part:
 The clerk shall keep the minute entries of the court and a docket of all proceedings had in civil and criminal matters. Notwithstanding any other provision of law to the contrary, such minute entries may be contained in the official court record of proceedings.
Thus, if the court makes a minute entry of the issuance of the warrant, and the clerk of court is statutorily bound to keep those minutes, then it would seem, in the interest of efficiency and convenience, that the clerk of court should also maintain the complete warrant files.
Therefore, it is the opinion of this office that, in the absence of an express rule of the Louisiana Supreme Court, the city court for Morgan City has the authority to designate who shall have the responsibility for maintaining its warrant files.
I hope that this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ FREDERICK A. DUHY Assistant Attorney General
RECEIVED: January 6, 1998 RELEASED:
FREDERICK A. DUHY, JR Assistant Attorney General